UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DOLENSKI,<br><br>             Plaintiff,<br>v.<br>GE MONEY BANK, F.S.B. and DOES 1-10, inclusive,<br><br>             Defendants. | Civil No. 3:11-cv-1594-JAH (BGS)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br>[DOC. #4] |

## INTRODUCTION

Currently pending before this Court is the motion to dismiss filed by Defendant GE Money Bank ("Defendant") to dismiss causes of action two, seven, eleven, and twelve in Plaintiff Stephen Dolenski's ("Plaintiff") complaint. The motion has been fully briefed. After a careful consideration of the parties' submissions, and for the reasons set forth below, this Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

## BACKGROUND

**1.     Factual Allegations**

Plaintiff's complaint alleges that Plaintiff incurred a consumer debt with Defendant. (Compl. #1 ¶ 22.) Plaintiff retained Doan Law Firm, LLP to represent him with respect to the debt on January 13, 2011. (Id. ¶ 23.) On February 10, 2011, Doan Law Firm, LLP sent three "cease and desist" letters to Defendant, informing Defendant that Plaintiff had

retained an attorney to represent him, providing the attorney's contact information, and requesting that Defendant end all communications with Plaintiff on the debt.  (Id. ¶¶ 28-29, Ex. A.)  Plaintiff alleges that, despite sending three cease and desist letters warning Defendant to "cease all communications" with Plaintiff, Defendant continued to contact him by sending collection letters and calling him numerous times in February and March of 2011.  (Id. ¶¶ 43-46, Ex. B-D.)  Plaintiff further alleges that Defendant made at least ten calls per day to Plaintiff on ten occasions from February 22, 2011 through March 23, 2011.  (Id. ¶ 47.)

Additionally, Plaintiff alleges Defendant contacted Plaintiff at work between March 4, 2011, and March 29, 2011, and that he and his attorney did not consent in writing to receive communication at work.  (Id. ¶¶ 136, 141.)  Plaintiff alleges the communication was not necessary to the collection of debt because Defendant had been informed of attorney representation and change of billing address through three cease and desist letters delivered to Defendants by March 3, 2011.  (Id. ¶ 137.)

**2.    Procedural Background**

On June 10, 2011, Plaintiff filed a complaint against Defendant in California Superior Court in the County of San Diego, asserting causes of action for violations of California's Rosenthal Fair Debt Collecting Practices Act, invasion of privacy, and intentional infliction of emotional distress.  On July 20, 2011, Defendant removed the action to this Court on diversity and federal question grounds.  (Doc. #1.)  On July 27, 2011, Defendant filed a motion to dismiss Plaintiff's causes of action two, seven, eleven, and twelve for failure to state a claim.  (Doc. #4.)  On August 8, 2011, this case was stayed due to ongoing bankruptcy proceedings, (Doc. #5), and on December 23, 2011, the stay was lifted, (Doc. #8).  On January 13, 2012, Plaintiff filed a response in opposition to the motion to dismiss.  (Doc. #9.)  On January 20, 2012, Defendant filed a reply.  (Doc. #10.)

///

///

## DISCUSSION

**1.     Legal Standard**

Defendant moves to dismiss Plaintiff's second, seventh, eleventh, and twelfth causes of action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 731 (9th Cir. 2001). Generally, a complaint must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 127 S. Ct. at 1964-65.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

F.2d 1542, 1555 (9th Cir. 1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**2.    Analysis**

  **A.    The Rosenthal Fair Debt Collection Practices Act**

Plaintiff alleges in his second and seventh causes of action that he is entitled to statutory damages under the California Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), California Civil Code §§ 1788, et seq., including incorporated provisions from the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.

    **i.    15 U.S.C. § 1692c(a)(3) under Section 1788.17**

The Rosenthal Act provides that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code." Cal. Civ. Code § 1788.17.

Plaintiff's second cause of action alleges a violation of section 1788.17 of the Rosenthal Act pursuant to a violation of the incorporated provision 15 U.S.C. § 1692c(a)(3), which provides that "without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." A "communication" is defined as the "conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

Defendant contends Plaintiff has failed to state the requisite elements of the claim because Plaintiff did not allege Defendant knew or had reason to know Plaintiff's employer prohibited receiving communications regarding the debt.  (Doc #4 at 2.)  Plaintiff, in opposition, contends Defendant knew or should have known Plaintiff prohibited calls to his home or his place of employment because Plaintiff's "cease and desist" letters specifically warned Defendant "not to speak with Plaintiff and must call [Plaintiff's attorney]."  (Doc. #9 at 4.)  Defendant, in reply, reasserts that Plaintiff has cited no authority that calling a debtor at his place of employment after receipt of a cease and desist order constitutes a violation of 15 U.S.C. § 1692c(a)(3).  (Doc. #10 at 2.)

This Court concludes Plaintiff has failed to sufficiently plead a violation of the Rosenthal Act pursuant to the incorporated provision of 15 U.S.C. § 1692c(a)(3).  Plaintiff alleges Defendant knew or should have known from the cease and desist letters that "any calls to Plaintiff's place of employment were prohibited by Plaintiff's employer," but Plaintiff does not allege how Defendant knew or had reason to know that Plaintiff's employer prohibited debt collection communications.  See Iqbal, 129 S.Ct. at 1949 (a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'")  The cease and desist letters do not state Plaintiff's employer prohibits debt collection calls at work.  Plaintiff does not allege that he told Defendant to refrain from contacting him at his work number or that he even answered any of the alleged 243 calls.  While Plaintiff includes a call log purportedly showing all calls from Defendant to Plaintiff, Plaintiff does not allege which calls were made to his work number while he was working.  Thus, Plaintiff's allegations are insufficient to state a claim under 15 U.S.C. § 1692c(a)(3).  Accordingly, this Court grants Defendant's motion to dismiss Plaintiff's second cause of action.

### ii.     Section 1788.12(a)

Plaintiff's seventh cause of action alleges a violation of section 1788.12(a) of the Rosenthal Act, which provides that:

> [no] debt collector shall collect or attempt to collect a consumer debt by means of the following practices: (a) Communicating with the debtor's

<blockquote>employer regarding the debtor's consumer debt unless such a communication is necessary to the collection of the debt, or unless the debtor or his attorney has consented in writing to such communication.</blockquote>

Cal. Civ. Code § 1788.2(a)(emphasis added).

Defendant contends Plaintiff has failed to state the requisite elements of the claim because Plaintiff only alleges Defendant contacted Plaintiff at work, not that Defendant communicated with Plaintiff's employer. (Doc. #4 at 3.) Plaintiff, in opposition, contends that each of Defendant's calls went to Plaintiff's employer because Plaintiff was self-employed. (Doc. #9 at 2.) Defendant, in reply, contends that Plaintiff's complaint does not allege Plaintiff was his own employer or that Defendant communicated with Plaintiff as Plaintiff's employer. Defendant further contends section 1788.12(a) only prohibits communication with a debtor's employer as a third party, citing support that the statute is titled "Communication with Third Parties." (Doc. #10 at 3.)

The Court is persuaded by Defendant's reasoning. Plaintiff alleges Defendant contacted him at work, but Plaintiff does not allege that Defendant contacted his employer regarding the debt. Neither does Plaintiff allege that Defendant disclosed to his employer the nature or existence of his consumer debt. While Plaintiff supplemented in his pleadings that "Plaintiff was self-employed and each call to his phone number went to a business phone line," the title of section 1788.12: "Communications with third parties; unlawful practices," clearly reflects the statute is intended to prohibit a debt collector's communication of a debt with the debtor's employer as a third party, and is not intended to prohibit communication with a self-employed debtor. Accordingly, this Court grants Defendant's motion to dismiss Plaintiff's seventh cause of action.

**B.   Invasion of Privacy**

Plaintiff's eleventh cause of action is for invasion of privacy. Plaintiff alleges Defendant "intentionally intruded on Plaintiff's privacy by ... continuing to communicate with Plaintiff at home and at work, after receiving three (3) written Cease and Desist Orders, and . . . continued to communicate with Plaintiffs at least two hundred and forty-eight (248) times, calling for seven (7) consecutive weeks, and repeatedly harassing

Plaintiff, even though Defendants knew that Plaintiff was represented by Doan Law Firm, LLP." (Compl. ¶ 171.) Plaintiff's complaint includes a call log that lists an average of five or more calls a day on at least twenty-eight occasions that Defendant allegedly made to Plaintiff. (Id. ¶¶ 176-177.)

In California, "[one] who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Miller v. National Broadcasting Co., 187 Cal. App. 3d 1463, 1482 (1986).

Numerous federal district courts within the Ninth Circuit have held that "repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion" under California law. See, e.g., Chaconas v. JP Morgan Chase Bank, 713 F. Supp. 2d 1180, 1185 (S.D. Cal. 2010) (denying defendant's motion to dismiss based on allegations of defendant calling plaintiff at home and at work 380 times in a span of 7 months to collect a debt); see also Panahiasl v. Gurney, 2007 WL 738642, at *2-3 (N.D. Cal. Mar. 7, 2007) (granting default judgment because allegations of repeated and continuous abusive phone calls to plaintiff's workplace were sufficient to state a claim for intrusion upon seclusion); see also Fausto v. Credigy Servs. Corp., 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009) (denying summary judgment for defendant because evidence of over ninety harassing phone calls from a lender who failed to identify himself was sufficiently offensive for an intrusion upon seclusion claim); Hurrey-Mayer v. Wells Fargo Home Mortg., Inc., 2009 WL 3647632, at *2-3 (S.D. Cal. Nov. 4, 2009) (denying defendant's motion to dismiss because allegations of continuous and numerous phone calls to collect a debt through an automated dialing system after defendant was aware the plaintiff was represented by counsel was sufficient to state a claim for intrusion upon seclusion). These decisions are supported by comments in the Restatement Second of Torts, section 652B, suggesting that "when telephone calls are repeated with such persistence and frequency as amount to a course of hounding the plaintiff, . . . his privacy

is invaded."

Defendant, relying on Castellanos v. JPMorgan Chase & Co., contends Plaintiff has not sufficiently stated a claim for invasion of privacy because Plaintiff did not allege the content of Defendant's calls were highly offensive. (Doc. #4 at 5.) See Castellanos v. JPMorgan Chase & Co., 2009 WL 1833981, *6 (S.D. Cal. 2009) (allegations of a lender calling a debtor … , especially given the current economic climate, without more is not enough to state a claim for invasion of privacy above a speculative level). Plaintiff, in opposition, argues Defendant's conduct was "highly offensive" because Defendant contacted Plaintiff 380 times, sometimes calling four to sixteen times in a single day. (Doc. #9 at 13.) Plaintiff further contends Plaintiff was too embarrassed to invite guests to his home as a result of Defendant's frequent calls. (Id.) Defendant, in reply, contends Plaintiff has failed to allege additional facts beyond the volume of calls. (Doc. #10 at 4-5.)

This Court concludes that Plaintiff has sufficiently alleged a claim for invasion of privacy. Castellanos is distinguishable in degree of conduct because, while Castellanos alleged receiving multiple calls from the defendant, he did not allege receiving hundreds of calls. Here, Plaintiffs alleges Defendant called him 144 times in a span of twenty-two days in February 2011 and contacted him 256 times in a span of twenty-eight days in March 2011, sometimes up to sixteen calls per day, despite notice to redirect communication to Plaintiff's attorney. (Compl. ¶¶ 176-177.) Thus, Plaintiff has adequately pled conduct that could be found highly offensive to a reasonable person, and consequently, has stated a claim for intrusion upon seclusion. See Chaconas, 713 F. Supp. 2d at 1185; Hurrey-Mayer, 2009 WL 3647632, at *2-3. Accordingly, Defendant's motion to dismiss Plaintiff's invasion of privacy claim is denied.

### C.     **Intentional Infliction of Emotional Distress**

Plaintiff's twelfth cause of action is for intentional infliction of emotional distress. Plaintiff alleges Defendant intentionally contacted Plaintiff 380 times in fifty-one days, sometimes reaching ten to sixteen calls in a single day, and that Defendant continued to

contact him after Defendant knew Plaintiff was represented by Doan Law Firm, LLP. (Compl. ¶¶ 195, 201)  Plaintiff further alleges his "constantly ringing" phone greatly affected his ability to invite guests to his home and to serve his business clients.

To state a cause of action for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant intended to cause or recklessly disregarded the possibility of causing emotional distress to the plaintiff; (3) the plaintiff actually suffered severe or extreme emotional distress; and (4) the outrageous conduct was the actual and proximate cause of the emotional distress. Symonds v. Mercury Savings & Loan Assn., 225 Cal. App. 3d 1458, 1468 (1990).

In the area of collection practices, courts have recognized that the attempted collection of a debt by its very nature often causes the debtor to suffer emotional distress. Burden v. Superior Court, 145 Cal. App. 3d 784, 789 (1983).  It is not enough, however, that the creditor's behavior is rude or insolent. Id. at 790.  Such conduct is only outrageous if it goes beyond "all reasonable bounds of decency." Id.  Conduct may rise to the level of outrageous conduct where the creditor knows the debtor is susceptible to emotional distress because of his or her physical or mental condition. Id.  For instance, a bank employee's persistent phone calls to a plaintiff to cover for insufficient funds in her account was sufficiently outrageous because the calls continued even after the bank knew the plaintiff was elderly, in frail health, and had directed all calls regarding the matter to be placed with the plaintiff's attorney. Symonds, 225 Cal. App. 3d at 1469.

Defendant contends Plaintiff has failed to state the requisite elements of the claim because Plaintiff failed to allege anything offensive about the telephone calls, other than the volume of calls.  (Doc. #4 at 6.)  Plaintiff, in opposition, contends he sufficiently stated a claim because Defendant's 380 calls to him were intentional, "extreme and outrageous," and that Plaintiff suffered physical, mental, and emotional symptoms as a result of Defendant's conduct. (Doc. #9 at 15-17.)  Defendant, in reply, contends that courts afford debt collectors a qualified privilege in collecting debts and protecting their

economic interests because the attempted collection of a debt often causes the debtor to suffer emotional distress. (Doc. #10 at 5.) Defendant argues the mere volume of Defendant's calls to Plaintiff did not rise to the level of "extreme and outrageous." (Id.)

This Court concludes Plaintiff has failed to state a claim for intentional infliction of emotional distress. Although Plaintiff alleges Defendant made a total of 380 calls in a span of fifty-one days, there are no allegations upon which this Court could infer Plaintiff ever answered any of these calls or Defendant ever made any direct contact with Plaintiff that might be construed as "extreme" and "beyond all reasonable bounds of decency." The mere number of calls does not suffice to state a claim in this instance. Additionally, Plaintiff does not allege Defendant knew Plaintiff was susceptible to severe emotional distress due to a vulnerable physical or mental condition. Accordingly, Defendant's motion to dismiss Plaintiff's twelfth cause of action is granted.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss Plaintiff's second, seventh, and twelfth causes of action is **GRANTED**.
2. Defendant's motion to dismiss Plaintiff's eleventh cause of action for invasion of privacy is **DENIED**.

Dated: March 28, 2012

_____
JOHN A. HOUSTON
United States District Judge